UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-1208-SEB-MJD |
| | ) | |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Discussing Motion for Summary Judgment
and Directing Entry of Final Judgment**

In this action brought pursuant to 42 U.S.C. § 1983, plaintiff Kevin Smith, an inmate at

the Plainfield Correctional Facility, claims alleges that the defendants violated his constitutional

rights. He sues correctional officers Sergeant Kenneth Cork, Sergeant Nhut Daniels, Lieutenant

Kenneth Thompson (the "State Defendants") and medical care providers Corizon Health, Inc.,

Richard Tanner, Kayla McDermitt, and L'Tia Lewis (the "Corizon Defendants").

The State Defendants and the Corizon Defendants have each moved for summary

judgment arguing that Smith failed to exhaust his available administrative remedies prior to

filing this action.

**I.  Standard of Review**

Summary judgment should be granted Aif the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law.@ *Fed.*

*R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Αgenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Smith has responded to the motions for summary judgment but his responses do not include the *Statement of Material Facts in Dispute* required by Local Rule 56-1(b). District courts have discretion to strictly enforce their local rules even against pro se litigants. *See Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809-10 (7th Cir. 2005). He has also filed his own Motion in Opposition to the Motion for Summary Judgment, but this motion also does not comply with the evidentiary requirements of Rule 56 of the *Federal Rules of Civil Procedure*. The consequence of these circumstances is that Smith has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 544 (7th Cir. 2011); *Wackett v. City of Beaver Dam,* 642 F.3d 578, 582 n.1 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

### A. *Undisputed Facts*

The following facts, construed in the manner most favorable to Smith as the non-movant, are undisputed for purposes of the motion for summary judgment:

Smith alleges in his complaint that on March 23, 2012, defendants Cork and Daniels improperly denied his request to sleep on a bottom bunk, a request he made based on his epilepsy

disorder. As a result, he fell from the top bunk on which he was sleeping and was injured. Smith alleges that after he fell from his bunk, defendant Thompson took him out of the medical department before he could receive proper evaluation. Smith further alleges that the Corizon Defendants failed to provide him proper medical care after his fall.

There is an administrative remedy process, implemented through a grievance procedure, available at the Plainfield Correctional Facility applicable to these claims. Pursuant to the grievance policy, the offender must attempt to obtain informal resolution of his complaints by contacting staff to discuss the matter subject to the grievance. If he is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist at the facility. If the formal written complaint is not resolved in a manner satisfactory to the offender, he may submit an appeal (Level II) within ten working days from the date of receipt of the grievance response. If the offender receives no grievance response within twenty-five working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. Exhaustion of the grievance procedure requires pursuing a grievance to the final step. Exhaustion also requires compliance with the timing requirements for submitting formal grievances and appeals.

Since arriving at the Plainfield Correctional Facility, Smith has filed one grievance related to his fall from his bunk. In this grievance, dated March 26, 2012, Smith alleged that when he was moved to a new cell on March 23, 2012, Cork and Daniels assigned him a top bunk even though he had a pass for a bottom bunk. He also alleged that Thompson improperly interfered with his medical care. The Corizon Defendants are not named or mentioned in the March 23 grievance. Except for the allegation regarding Thompson removing him from the medical department, Smith makes no allegation in the grievance regarding the adequacy of his medical care. A Return of Grievance Response was issued on March 28, 2012, informing Smith

that his grievance was rejected because he failed to attempt to resolve the complaint informally as required by the Grievance Policy. Smith did not respond to the Return of Grievance and has filed no appeal of any grievance.

### B. Analysis

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

With respect to Smith's complaint that he was improperly assigned to a top bunk and his claim that Thompson interfered with his medical care, it is undisputed that (1) Smith attempted to file a grievance regarding his assignment to a top bunk and Thompson's alleged interference, (2) that grievance was rejected because Smith did not show that he had attempted to informally resolve this complaint as directed by the grievance policy, and (3) Smith made no further attempt to pursue the grievance procedure regarding this complaint. Smith therefore failed to exhaust his available administrative remedies on this issue.

With respect to Smith's complaint regarding the medical care he received after he fell from his bunk, it is undisputed that he filed no grievance regarding the provision of medical care. Further, as discussed, Smith filed only one grievance regarding his fall from the top bunk and failed to complete the grievance procedure for that grievance. Smith therefore failed to exhaust his available administrative remedies on this issue as well.

In response to the motions for summary judgment, Smith states that the Offender

Handbook does not state that an offender must exhaust his administrative remedies before filing suit or how to move to another level and that he attempted to put the Corizon defendants on notice by filing a tort claim. As explained above, Smith's filings regarding summary judgment do not provide a *Statement of Material Facts in Dispute* as required by the Local Rules or cite to admissible evidence. Even if the Court considers Smith's version of the facts, however, the conclusion would be the same.

Smith's lack of awareness of the grievance process did not excuse him from complying with 42 U.S.C. § 1997e(a), as the statute "says nothing about a prisoner's subjective beliefs, logical or otherwise about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007) (quoting *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). Administrative remedies were available and it was ultimately Smith's responsibility to exhaust those remedies, which he failed to do.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Smith's claims should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

### III. Conclusion

For the reasons explained above, motions for summary judgment filed by the State Defendants and the Corizon Defendants [Dkt. No. 25 and Dkt. No. 29] are **granted**. Smith's motion in opposition to defendant's motion for summary judgment [Dkt. No. 34] is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: __05/30/2013_____

Distribution:

Kevin Smith
220750
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Electronically Registered Counsel

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana